## SILAS MEIGS v. STATE.

No. A-2935.    Opinion Filed May 18, 1918.

(172 Pac. 974.)

1.    **APPEAL AND ERROR—Briefs—Affirmance.** Where a defendant appeals from a judgment of conviction in a felony case, and no briefs are filed, nor oral argument made, this court will examine the information, the instructions of the court, and the judgment; if no fundamental error is apparent, and the evidence is sufficient to support the verdict, the judgment will be affirmed.

2.    **ROBBERY—Sufficiency of Evidence.** In a prosecution for conjoint robbery, the evidence examined, and **held** to sustain the verdict and judgment of conviction, and that no material error was committed on the trial.

*Appeal from District Court, Cherokee County;*
*John H. Pitchford, Judge.*

Silas Meigs was convicted of robbery, and he appeals. Affirmed.

*George M. Hughes,* for plaintiff in error.

*R. McMillan,* Asst. Atty. Gen., for the State.

DOYLE, P. J.    This appeal is from a judgment of the district court of Cherokee county, rendered on the

22d day of December, 1916, in pursuance of a verdict convicting Silas Meigs of conjoint robbery, and assessing his punishment at imprisonment in the penitentiary for a term of 14 years.

It appears from the record that the plaintiff in error, Silas Meigs, and George Nave were jointly charged with robbing one C. Ross Williams of some $90, conjointly committed. When the case was called for trial a severance was demanded and granted. The state elected to try Silas Meigs. The evidence shows that on the evening of the day alleged in the information, about 9 o'clock, C. Ross Williams and four or five others were sitting around a lantern on the grounds of the old Seminary at Park Hill, and several were playing cards, when the defendants appeared with masks on their faces. Nave held a Winchester on the party; Meigs held a pistol, and said, "Sit still, boys!" and Nave said, "Hold up your hands!" Meigs then searched each of those present, and took what money and valuables they had, taking from C. Ross Williams the money alleged in the information.

Three or four of those present testified that they recognized the defendant Meigs by his voice and by his clothes, and that they spoke to him, calling him by his name. C. Ross Williams testified that he was a druggist at Park Hill, and had known Silas, or, as he is commonly called, "Tut," Meigs for several years; that the party were all sitting around a lantern playing cards when the defendants appeared masked and with guns in their hands. He spoke to Meigs and said, "Come on up, 'Tut,' and sit down, and be peaceable"; and Meigs stepped up and punched him in the back with his pistol, and took his

pocketbook from him, and then searched and robbed the other boys.

For the defense Boone Meigs testified that he lived with his father about a mile and a quarter from the old Seminary, and the evening of the robbery, when he went to bed, about 8 o'clock, his brother Silas was sitting on the porch; that he did not know when Silas went to bed, but the next morning about 2 o'clock the sheriff appeared and woke him up, and Silas was in the bed on the porch with him. Submit Wicket testified that Silas Meigs was her half-brother; that she was at her father's place on the night of the robbery, and heard Silas go to bed about two hours after her brother Boone had gone to bed. The defendant did not testify.

The errors assigned are that the verdict and judgment were contrary to both the law and the evidence of the case; that the court erred in denying defendant's motion to withdraw his plea of not guilty, and to file in lieu thereof a demurrer to the information; that the court erred in denying the defendant's motion for a new trial.

No briefs have been filed and no appearance made for oral argument. The case was submitted on the record, under the rule applicable in felony convictions that where no briefs are filed nor oral argument made the court will examine the information, the instructions given, the judgment and sentence, and if no fundamental error is apparent, will affirm the judgment.

We have carefully examined the record and find the information sufficient, and the charge of the court, to which no specific or general objection was made or exception taken, was full and adequate to the proper instruction of the jury upon the law of the case. The evidence of the

defendant's guilt is conclusive. Upon a review of the entire record, we are unable to find any serious or substantial error. The judgment of the lower court is therefore affirmed.

ARMSTRONG and MATSON, JJ., concur.